In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-2727

JOSEPH MCCAVITT, on behalf of N.A.M., a minor,

*Plaintiff-Appellant*,

*v.*

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:19cv00539 — **Robert L. Miller, Jr.**, *Judge*.

ARGUED APRIL 27, 2021 — DECIDED JULY 21, 2021

Before SYKES, *Chief Judge*, and EASTERBROOK and SCUDDER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Disabled children are entitled to benefits from the Social Security Administration, see 42 U.S.C. §1382c(a)(3)(C), but the determination of disability cannot follow the model used for adult applicants. Benefits for an adult depend on a work history plus current inability to perform a job. A child, by contrast, is unlikely to have a work history, and neither the statute nor the regulations asks

whether the child can do an adult job. Instead administrative officials ask whether the child's limitations meet one of the many listed categories of disability or are functionally equivalent to one of them. See *Sullivan v. Zebley*, 493 U.S. 521 (1990). (The language from which *Zebley* drew the "functional equivalence" standard has been deleted by an amendment to §1382c(a)(3)(C)(i), but it remains in a regulation, 20 C.F.R. §416.924.) When determining whether a child's impairment is functionally equivalent to a listing, the Administration asks whether it produces a marked limitation in at least two—or an extreme limitation in one—of six "domains of functioning". 20 C.F.R. §416.926a(a). *L.D.R. v. Berryhill*, 920 F.3d 1146 (7th Cir. 2019); *Hopgood v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009); and *Keys v. Barnhart*, 347 F.3d 990 (7th Cir. 2003), provide additional details about the operation of this program.

Joseph McCavitt contends that his son N.A.M. is disabled by attention deficit hyperactivity disorder (ADHD), intellectual limitations (an IQ near 70), oppositional defiant disorder, and nocturnal enuresis. He maintains that these conditions meet, or are functionally equivalent to, Listings 112.05, 112.08, and 112.11. 20 C.F.R. Part 404, Subpt. P, App. 1, Pt. B. After receiving evidence from several of N.A.M.'s teachers and medical care providers, an ALJ rejected that contention and found that N.A.M. did not meet any of the Listings and has a marked limitation in only one functional category—"acquiring and using information", 20 C.F.R. §416.926a(b)(1). A district judge found that decision supported by substantial evidence, as do we. An example suffices. A general-education teacher opined that N.A.M.'s skills are "extremely low," from which McCavitt argues that N.A.M. must be "extremely limited" in the domain of acquiring and using information, but his special-education teacher called his skills "average" when

he was taking his medications. The ALJ was entitled to credit the views of the special-education teacher, who knew N.A.M. well and had a good grasp of gradations among children with intellectual shortcomings.

Recognizing how difficult it would be to show that the ALJ's decision is unsupported by substantial evidence, McCavitt asks us to use an older version of Listing 112.05, which was amended effective January 2017—after McCavitt filed his application but before the ALJ rendered his decision. To simplify analysis we assume, as McCavitt contends, that N.A.M. met the standards of the old version but not the new one. McCavitt contends that N.A.M. acquired rights under the old regulation from his birth through the amendment's effective date. But the ALJ applied the amendment to the entire claim, because that's what the amendment itself instructs. The order promulgating this change provides that it applies "to claims that are pending on or after the effective date." 81 Fed. Reg. 66138 (Sept. 26, 2016).

Regulatory changes presumptively apply prospectively, but that presumption can be negated by clear language in a statute or regulation. *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208 (1988). Rights under a statute may be said to vest on the date of a judicial decision, for neither Congress nor an agency can alter a judgment once one has been rendered. See *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995). But until then claims that rest on statutes or regulations are contingent, and the rules may change. McCavitt does not contend that the change to Listing 112.05 affects any primary conduct. Cf. *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 303–04 (1994). Disability benefits are not designed to encourage people to acquire disabilities or reward them for doing so; limits on a federal

subsidy differ from penalties. It is therefore unsurprising that we have held that amendments to changes in the rules for disability benefits may be applied to pending cases. See *Keys*, 347 F.3d at 992–94.

As far as we can see, every other circuit that has considered the issue has come to the same conclusion. See, e.g., *Combs v. Commissioner*, 459 F.3d 640 (6th Cir. 2006) (en banc); cf. *Gonzalez v. Cuccinelli*, 985 F.3d 357, 372–74 (4th Cir. 2021) (applying *Combs* to a benefit under immigration law). At oral argument counsel for McCavitt asked us to follow the dissent of Judge Clay in *Combs*, 459 F.3d at 661–76, but the majority's analysis is more persuasive. McCavitt's brief, which does not cite *Combs*, had asked us to apply the old rule to time before the amendment and the new rule thereafter. That's not what Judge Clay proposed. It is what Judge Griffin suggested in a concurring opinion, see *id*. at 657–61, but it would be impossible to reconcile with the agency's decision, when amending the Listing, to apply the change to all open claims. Neither the Constitution nor any statute denies that option to the agency.

AFFIRMED